HOWARD B. FRENCH et al., executors of Samuel H. French, deceased,

*v.*

THE CITY OF CAMDEN.

[Heard March 24th, 1910.  Determined May 12th, 1910.]

Upon an application for a preliminary injunction to restrain a law court from confirming a commissioners' report assessing benefits for street improvements, upon the ground that such proposed assessment was unlawful, and, if confirmed, would create a cloud upon complainant's title, (1) because the act under which the assessment was being made was unlawful, and (2) such proposed assessments were for improvements in a turnpike road, and took complainants' property without due process of law—*Held*, that in view of the express decisions of the supreme court, opposed to the contentions of the complainants on both grounds, they are not entitled to such preliminary relief.

On bill for injunction to restrain city from making a street improvement assessment.

*Mr. Edward A. Armstrong,* for the complainants.

*Mr. Edwin G. C. Bleakly* and *Mr. Wilfred B. Wolcott,* for the defendant.

LEAMING, V. C.

Complainant seeks a preliminary injunction against defendant city which shall be operative to prevent the court of com-

mon pleas from confirming a report of certain commissioners which have been appointed by that court to assess benefits for certain street improvements in defendant city. The theory of complainants' bill is that the proposed assessment is unlawful, and, if confirmed by the court of common pleas, will create a cloud upon title of complainants' land.

Complainant asserts that the proposed assessment is unlawful because the act under which the assessment is being made ( *P. L. 1898 p. 466*) is unconstitutional, in that—*first,* the assessment authorized by the act is a tax, and the act originated in the senate; *second,* the title of the act is defective, in that the object of the act is not sufficiently expressed in its title; *third,* the proposed assessment is for improvements made in a turnpike road, and takes complainants' property without due process of law, in that it in effect gives it to the turnpike company.

The views which I feel obliged to adopt touching the several objections made by complainant to the legality of the pending assessment proceedings, renders it unnecessary to here determine whether this court has jurisdiction to interrupt special officers in the performance of purely legal duties of the nature stated, for the purpose of granting preventive relief against acts which, if performed, may be reviewed and, if illegal, corrected by legal tribunals.

In *Manufacturers' Land and Improvement Co.* v. *City of Camden, 73 N. J. Law (44 Vr.) 263,* the supreme court of this state reviewed an assessment which had been made under the same statute which is now in question. On petition for rehearing in that case it was urged that the statute was unconstitutional because the object of the act was not sufficiently expressed in its title, and also because the act was for raising revenue and should have originated in the house. In the opinion filed (not yet reported) that court held the title sufficient, and also held that the act was not a bill for raising revenue as contemplated by the constitution.

The objection here made that the public street here in question is also a turnpike road was before the supreme court in *State* v. *City of New Brunswick, 30 N. J. Law (1 Vr.) 395.* It was there held that the city's control over its highways enabled

it to improve the street and assess the benefit to adjacent land owners, notwithstanding the highway was occupied and operated by a turnpike company. On appeal a similar view was adopted. *32 N. J. Law (3 Vr.) 548.*

In view of the decisions referred to, it is manifest that complainants' rights cannot be here regarded as sufficiently clear to warrant preliminary relief.